IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PATRICK D. FLUKER**                                                                 **PETITIONER**

**V.**                                     **CIVIL ACTION NO. 2:11cv31-KS-MTP**

**RONALD KING, ET AL.**                                          **RESPONDENTS**

## ORDER

THIS MATTER is before the court on the Petitioner's Motion for Entry of Default [6], Motion to Appoint Counsel [7], and Motion for Extension of Time [12], and on the Respondents' Motion for Extension of Time to File Answer [9]. The court having considered the motions and the applicable law, finds that the Petitioner's Motion for Entry of Default [6] and Motion to Appoint Counsel [7] should be denied and that Petitioner's Motion for Extension of Time [12] should be granted; Respondents' Motion for Extension of Time to File Answer [9] should be granted.

In their Motion for Extension of Time to File Answer [9], Respondents request that this court extend the deadline for filing their answer or other responsive pleading up to and including April 7, 2011. Good cause having been shown, the court finds that Respondents' Motion [9] should be granted, and that their Motion to Dismiss [10] filed on April 7, 2011, is deemed timely.

In his Motion [6] for Default Judgment, Petitioner urges the court to enter a default judgment against the Respondents for failing to timely answer his petition. The docket reflects that Respondents were served with the petition on February 18, 2011, making their answer due on or about March 10, 2011. *See* Certified Return Receipt [5]. As set forth above, the court finds that Respondents' Motion for Extension of Time [9] should be granted, and that their

Motion to Dismiss [10] is timely filed. Even if the Respondents' responsive pleading were untimely, Petitioner has failed to show any prejudice by the minimal delay. Therefore, Petitioner's request for default judgment should be denied. *See Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases"); *McGee v. Cockrell,* No. 3:00-CV-2263-H, 2001 WL 1631518, at *3 (N.D. Tex. Dec. 14, 2001) (denying petitioner's request for default based on untimely answer filed by respondent, where untimely filing did not prejudice petitioner); *Brossard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1982) (reversing grant of habeas petition based on government's untimely filing of report on rehearing).

In his Motion to Appoint Counsel [7], Petitioner seeks appointment of counsel claiming the facts and legal issues of his case are complex, his incarceration limits his ability to investigate his case and research the issues, his case will involve conflicting testimony, his case is meritorious, and that he is indigent and not adequately trained in the law. Based on the record before the court, the "interests of justice" do not require the appointment of counsel at this time. *See Cotton v. Cain*, 182 F.3d 914, 1999 WL 423009, at *1 (5th Cir. May 28, 1999). However, the court will grant Petitioner an extension of time until June 20, 2011, to file his response to Respondents' Motion to Dismiss [10]. This should give Petitioner more than ample time to adequately research and prepare his response to the Motion [10] filed on April 7, 2011. Accordingly,

    IT IS, THEREFORE, ORDERED:

    1.    That Respondents' Motion for Extension of Time to File Answer [9] is GRANTED.

2. That Petitioner's Motion [6] for Default Judgment is DENIED.

3. That Petitioner's Motion to Appoint Counsel [7] is DENIED.

4. That Petitioner's Motion for Extension [12] is GRANTED.  Petitioner is granted an extension of time until June 20, 2011, to file his response to Respondents' Motion to Dismiss [10].

SO ORDERED this the 1st day of June, 2011.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge