IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PATRICK D. FLUKER, # 101069**                                                          **PETITIONER**

**versus**                                                                    **CIVIL ACTION NO. 2:11cv31-KS-MTP**

**RONALD KING, ET AL.**                                                                **RESPONDENTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petition of Patrick D. Fluker for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondents' Motion to Dismiss [10] pursuant to § 2244(d). Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondents' Motion to Dismiss [10] be granted and that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On or about December 17, 2003, Petitioner pled guilty to robbery in the Circuit Court of Forrest County, Mississippi, Cause Number 03-481-CR, and was sentenced on January 13, 2004, to a term of fifteen years, with twelve years suspended and three years to serve in the custody of the Mississippi Department of Corrections ("MDOC"), with four years of post-release supervision. *See* Petition [1] at 1; Order of Conviction [2-7] at 5-8. Petitioner alleges that he was released from MDOC custody on March 14, 2005, on Earned Release Supervision ("ERS").[1]

On or about May 5, 2005, Petitioner was arrested for an unrelated armed robbery charge. On June 23, 2005, Petitioner's probation revocation hearing was held and his post-release

---

[1] According to his discharge certificate, Petitioner completed his three-year sentence and was discharged on April 23, 2005. *See* Ex. B to Petition [2-2]. Petitioner claims he did not receive a copy or notice of the discharge certificate until August 23, 2010, via the Administrative Remedy Program. *See* Brief [2] at 10.

supervision was revoked. Petitioner was ordered to serve the remaining twelve years of his original sentence imposed in Cause Number 03-481-CR.[2] *See* Ex. F to Petition [2-6] at 1.

Petitioner filed a Motion for Post-Conviction Collateral Relief in the Forrest County Circuit Court on or about September 22, 2006.[3] The trial court denied the motion on June 5, 2007.[4] Petitioner appealed and the Mississippi Court of Appeals affirmed the dismissal on November 18, 2008. *See Fluker v. State*, 2 So. 3d 717 (Miss. Ct. App. 2008); Exs. H and I to Motion [10-8] [10-9]. Petitioner's motion for rehearing was denied on February 24, 2009. *Id.* Petitioner did not file a petition for certiorari.

On May 4, 2007, Petitioner filed a motion for leave to proceed in the trial court with the Mississippi Supreme Court.[5] The Mississippi Supreme Court denied the motion on June 6, 2007, finding that the motion was improperly filed with that court pursuant to Miss. Code Ann. § 99-39-7.[6]

On November 29, 2010, Petitioner filed another motion for leave to proceed in the trial

---

[2]Petitioner was ultimately sentenced for the new armed robbery charge in Forrest County Circuit Court, Cause No. 05-434, to serve a term of twenty years with fifteen to serve and five years of post-release supervision, to be served consecutively to the sentence previously imposed in Cause No. 03-481. *See* Ex. C to Motion [10].

[3]*See* Ex. D to Motion [10-4]. Petitioner's Motion for Post-Conviction Collateral Relief was not stamp "filed," but his motion and cover letter are dated July 25, 2006. *See* Exs. D and F to Motion [10-4] [10-6]. As Respondents point out, Petitioner's affidavit of poverty accompanying his Motion for Post-Conviction Relief is signed and dated September 22, 2006, but the Forrest County Circuit Court docket reflects that the Motion was not "filed" until January 10, 2007. *See* Exs. E [10-5] and D-1 [20] to Motion [10]. In his Response [14] to Respondents' Motion [10], Petitioner represents that his Motion for Post-Conviction Collateral Relief was filed on or about September 22, 2006. *See* Response [14] at 2.

[4]*See* Ex. G to Motion [10-7].

[5]*See* Ex. J to Motion [10-10].

[6]*See* Ex. K to Motion [10-11].

court with the Mississippi Supreme Court.[7]  The Mississippi Supreme Court denied the motion on January 5, 2011, stating that pursuant to Miss. Code Ann. § 99-39-7, his application should be filed in the trial court since his conviction resulted from a guilty plea.[8]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about February 15, 2011.  The Respondents contend that Petitioner's Petition was not timely filed and that it should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A);[9] *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).  The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner's post-release supervision was revoked by Order dated June 23, 2005, and he was committed to the custody of the MDOC.  *See* Ex. B to Motion [10-2].  Under Mississippi

---

[7]*See* Ex. L to Motion [10-12].

[8]*See* Ex. M to Motion [10-13].

[9]The court agrees with the Respondents' assertion that subsections B-D of § 2244(d)(1) are inapplicable in this case.  However, because Petitioner claims that subsection B applies, it is addressed below.

law, there is no direct appeal from the revocation of a suspended sentence. *See Rogers v. State*, 829 So. 2d 1287, 1288 (Miss. Ct. App. 2002); *Beasley v. State,* 795 So. 2d 539, 540 (Miss. 2001). Thus, Petitioner's judgment became final-- and the statute of limitations for federal habeas relief began to run-- on June 23, 2005, giving him until June 23, 2006, to file his petition. Petitioner did not file his federal petition until, at the earliest, February 10, 2011,[10] over four and a half years after the federal statute of limitations had expired. Based on the foregoing, Petitioner's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on June 23, 2005, and Petitioner's filing of the federal petition for habeas corpus on or about February 10, 2011, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set out above, Petitioner did file a motion for post-conviction relief in state court, but did not do so until September 22, 2006,[11] almost three months after the expiration of the deadline to file his federal habeas petition. Because Petitioner failed to file a motion for post-conviction relief in state court before the expiration of the deadline to file his federal petition, statutory tolling pursuant to Section 2244(d)(2) does not apply. Further, while the record indicates that

---

[10]"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

[11]*See supra*, footnote 3. Although the Forrest County Circuit Court docket reflects that the motion for post-conviction relief was not "filed" until January 10, 2007, giving Petitioner all benefits of the doubt, the court will deem the motion filed on September 22, 2006, based on Petitioner's representation in his Response [14] and pursuant to the mailbox rule. *See* Exs. D [10-4] and D-1 [20] to Motion [10]; Response [14] at 2.

Petitioner filed requests through the MDOC Administrative Remedy Program ("ARP") regarding the revocation of his suspended sentence, he did not do so prior to July 23, 2006.[12]

Petitioner also claims that his petition is timely pursuant to Section 2244(d)(1)(B), which provides that the one-year limitation period for filing a federal habeas petition shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(2).[13] Petitioner claims he was prevented from filing an earlier post-conviction motion "because the State (in its prevention) failed to provide requested documents relevant to his cause . . . ." *See* Response [14] at 4. However, Petitioner does not identify what documents the State allegedly failed to provide or why they were necessary for him to file his petition. In his Brief [2] supporting his petition, Petitioner states that he did not receive a copy of his discharge certificate or his probation reporting form until August 23, 2010, via the ARP. However, Petitioner fails to allege when he first requested these documents, when or how the State denied his request, and why he needed the documents to file his petition. As Respondents point out, Petitioner's probation was revoked in June 2005, at a hearing where he was informed of the basis of the revocation and the sentence imposed. *See* Ex.

---

[12]The record reflects Petitioner filed an ARP request on July 29, 2010, No. WCCF-10-318, regarding the revocation of his suspended sentence. He was denied relief as stated in the second step response form, and his certificate of completion is dated September 28, 2010. *See* Ex. N to Motion [10-14]; *see also* Petition [2-7] at 2-4. The first step response form for this ARP references two prior ARP requests filed by Petitioner arguably relating to the revocation of his suspended sentence: No. WCCF-06-405 and No. SMCI-09-1143. Petition [2-7] at 2. Respondents submit that they confirmed with MDOC that ARP No. WCCF-06-405 was not logged into the system until September 11, 2006, and that No. SMCI-09-1143 was not logged into the system until June 2, 2009. *See* Motion [10], footnote 5. Petitioner does not dispute this representation and has provided no evidence to the contrary. Thus, none of the ARP requests filed by Petitioner were filed prior to the July 23, 2006 deadline.

[13]Petitioner mistakenly cites to Section 2244(d)(C), but quotes the language of Section 2244(d)(B). *See* Response [14] at 3.

5

B to Motion [7-2]. Further, he filed a motion for post-conviction relief in September 2006, in which he raised the same issues raised in his federal petition; thus, Petitioner apparently did not need the documents he allegedly did not receive until August 2010, in order to file his petition. *See* Ex. D to Motion [7-4]. Petitioner has failed to show that the State prevented him from timely filing his petition, and, therefore has failed to show that § 2244(d)(1)(B) applies. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) ("In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.").

Petitioner also argues that since his sentence for the new, unrelated robbery conviction, Cause No. 05-434 imposed on February 13, 2007, was ordered to run consecutively to the sentence previously imposed in Cause No. 03-481, the federal statute of limitations for filing a habeas petition relating to the previous conviction should begin to run on February 13, 2007. *See* Ex. C to Motion [10]. Thus, he claims that his state motion for post-conviction relief filed between February 13, 2007 and February 13, 2008, tolled the federal statute of limitations. The cases cited by Petitioner, which are not binding precedent, do not support this argument. Petitioner's argument is wholly without merit.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies  principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v.*

6

*Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

In his Response [14] in opposition to Respondents' Motion [10], Petitioner claims that because his petition is timely under Miss. Code Ann. § 99-39-1, *et seq.*, the Mississippi Uniform Post-Conviction Collateral Relief Act ("the Act"), his federal petition is also timely.[14] However, this inference is without merit. As set forth above, AEDPA sets forth a one-year statute of limitations for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner further notes that the Act does not contain any information on the federal statute of limitations for filing a habeas claim, implying a lack of understanding of the law. However, ignorance of the law and being *pro se* do not constitute rare and exceptional circumstances. Petitioner has not shown that he was "actively misled" or that he was prevented from asserting his rights. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999).

For the reasons set forth above, the court is of the opinion that Petitioner has failed to meet his burden of establishing "rare and exceptional" circumstances sufficient to justify the application of equitable tolling to his time-barred petition.

## CONCLUSION

Petitioner's state court conviction became final on July 23, 2005. Based upon the one-

---

[14]Petitioner claims he had three years to file his state habeas petition under the Act. While not germane to this Motion [10], the court notes that the three-year limitation set forth in Miss. Code Ann. § 99-39-5(2) is not applicable to petitions challenging the revocation of probation. *See* Miss. Code Ann. § 99-39-5(2)(b); *Leech v. State*, 994 So. 2d 850, 853 (Miss. Ct. App. 2008) ("A post-conviction claim alleging unlawful revocation of probation is not subject to the time bar of section 99-39-5(2).").

year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until July 23, 2006, at the latest, to file a federal petition for a writ of habeas corpus. Based on this court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because he did not file his federal petition until February 10, 2010, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondents' Motion to Dismiss [10] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 25th day of July, 2011.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge