IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PATRICK D. FLUKER, #101069

VS.                                                          CIVIL ACTION NO. 2:011cv31-KS-MTP

RONALD KING, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Patrick D. Fluker for Writ of Habeas Corpus [1] filed pursuant to 28 U.S.C. § 2254, and Respondents' Motion to Dismiss [10] filed pursuant to 2244(d). The Petitioner has objected to the Report and Recommendation [22]. The Court has considered the above documents and other pleadings on file, along with the applicable law, and does hereby find as follows:

1. PROCEDURAL HISTORY

On or about December 17, 2003, Petitioner pled guilty to robbery in the Circuit Court of Forrest County, Mississippi, Cause Number 03-481-CR, and was sentenced on January 13, 2004, to a term of fifteen years, with twelve years suspended and three years to serve in the custody of the Mississippi Department of Corrections ("MDOC"), with four years of post-release supervision. *See* Petition [1] at 1; Order of Conviction [2-7] at 5-8. Petitioner alleges that he was released from MDOC custody on March 14, 2005, on Earned Release Supervision ("ERS").[1]

On or about May 5, 2005, Petitioner was arrested for an unrelated armed robbery charge.

---

[1] According to his discharge certificate, Petitioner completed his three-year sentence and was discharged on April 23, 2005. *See* Ex. B to Petition [2-2]. Petitioner claims he did not receive a copy or notice of the discharge certificate until August 23, 2010, via the Administrative Remedy Program. *See* Brief [2] at 10.

On June 23, 2005, Petitioner's post-release supervision revocation hearing was held and his post-release supervision was revoked. Petitioner was ordered to serve the remaining twelve years of his original sentence imposed in Cause Number 03-481-CR.[2] *See* Ex. F to Petition [2-6] at 1.

Petitioner filed a Motion for Post-Conviction Collateral Relief in the Forrest County Circuit Court on or about September 22, 2006.[3] The trial court denied the motion on June 5, 2007.[4] Petitioner appealed and the Mississippi Court of Appeals affirmed the dismissal on November 18, 2008. *See Fluker v. State*, 2 So. 3d 717 (Miss. Ct. App. 2008); Exs. H and I to Motion [10-8] [10-9]. Petitioner's motion for rehearing was denied on February 24, 2009. *Id.* Petitioner did not file a petition for certiorari.

On May 4, 2007, Petitioner filed a motion for leave to proceed in the trial court with the Mississippi Supreme Court.[5] The Mississippi Supreme Court denied the motion on June 6, 2007, finding that the motion was improperly filed with that court pursuant to Miss. Code Ann. § 99-39-7.[6]

---

[2] Petitioner was ultimately sentenced for the new armed robbery charge in Forrest County Circuit Court, Cause No. 05-434, to serve a term of twenty years with fifteen to serve and five years of post-release supervision, to be served consecutively to the sentence previously imposed in Cause No. 03-481. *See* Ex. C to Motion [10].

[3] *See* Ex. D to Motion [10-4]. Petitioner's Motion for Post-Conviction Collateral Relief was not stamp "filed," but his motion and cover letter are dated July 25, 2006. *See* Exs. D and F to Motion [10-4] [10-6]. As Respondents point out, Petitioner's affidavit of poverty accompanying his Motion for Post-Conviction Relief is signed and dated September 22, 2006, but the Forrest County Circuit Court docket reflects that the Motion was not "filed" until January 10, 2007. *See* Exs. E [10-5] and D-1 [20] to Motion [10]. In his Response [14] to Respondents' Motion [10], Petitioner represents that his Motion for Post-Conviction Collateral Relief was filed on or about September 22, 2006. *See* Response [14] at 2.

[4] *See* Ex. G to Motion [10-7].

[5] *See* Ex. J to Motion [10-10].

[6] *See* Ex. K to Motion [10-11].

On November 29, 2010, Petitioner filed another motion for leave to proceed in the trial court with the Mississippi Supreme Court.[7] The Mississippi Supreme Court denied the motion on January 5, 2011, stating that pursuant to Miss. Code Ann. § 99-39-7, his application should be filed in the trial court since his conviction resulted from a guilty plea.[8]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about February 15, 2011. The Respondents contend that Petitioner's Petition was not timely filed and that it should be dismissed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner objects to the conclusion reached by Judge Parker that the Judgment of

---

[7]*See* Ex. L to Motion [10-12].

[8]*See* Ex. M to Motion [10-13].

Conviction became final on June 23, 2006.  He further argues that he is entitled to equitable tolling of the applicable statute of limitations.  The Petitioner does not dispute that the applicable statute (28 U.S.C. §2244(d)) is applicable to the facts of his case.  He also complains that he is entitled to equitable tolling for reasons set forth in his Objection.

Post-release supervision was revoked by Order dated June 23, 2005

The Order dated June 23, 2005, revoked the post-release supervision of the Petitioner and returned him to prison.  There is no direct appeal of a revocation of a suspended sentence.  *Rogers v. State*, 829 So.2d 1287, 1288 (Miss.Ct.App. 2002).  Therefore, for purposes of federal habeas, Petitioner had one year from said date to file, making the statute of limitations run June 23, 2006.  The Petition was filed at the earliest on February 10, 2011.  Petitioner argues that there was no ruling by the United States Supreme Court, and therefore the Judgment did not become final.  Petitioner is misplaced in his opinion.

He continues that the last decision of a state court should be the date for beginning the running of the statute of limitations.  However, he is claiming additional filings that occurred after the statute had run as being in place to toll the one year.  Likewise, Petitioner is misplaced in his opinion.  There is a one-year period which ended finally June 23, 2006, and the one year had clearly run prior to the filing by Petitioner.

Equitable Tolling

Secondly, the Petitioner claims that he is entitled to equitable tolling, meaning that there was some state impediment to his being able to file his federal habeas petition.  The Petitioner goes through a list of mistakes made by state officials such as not getting him a copy of his probation termination order and mistakes made in the MDOC's Administrative Remedy Procedures.  The Petitioner has clearly failed to show that there was any state impediment to his

filing and additionally has clearly failed to show that he is entitled to any equitable tolling. Therefore, his Petition is barred by the one-year statute of limitation under the AEDPA and the Motion to Dismiss [10] is sustained.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Fluker's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Patrick D. Fluker's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 31st day of August, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE